UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARCUS HINES,

    Petitioner,

v.                                       Case No. 2:04-cv-166
                                         HON. R. ALLAN EDGAR

TERRY SHERMAN,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Marcus Hines filed this petition for writ of habeas corpus challenging the validity of his state court convictions. Petitioner was convicted by a jury of ten counts of assault with intent to do great bodily harm less than murder and arson of a dwelling house. Petitioner was sentenced on July 31, 2001, to 5 to 10 years for each of the assault convictions, and to concurrent terms of 10 to 20 years for the arson conviction. The crime arose from the firebombing of petitioner's ex-girlfriend's house.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The instant petition sets forth allegations of prosecutorial misconduct and evidence deficiency. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following issues in his petition:

I. The petitioner was denied a fair trial because of prosecutor misconduct at trial
II. There was insufficient evidence adduced at trial to support the assault convictions.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state

court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that he was prejudiced because of statements made by the prosecutor regarding the sophistication of persons with a ninth grade education. The Michigan Court of Appeals rejected this claim explaining:

> In context, however, the challenged remarks of the prosecutor were an appropriate response to an issue raised by defendant during his closing argument. Defense counsel argued that defendant should not be convicted of assault with intent to murder because the evidence did not support a finding that defendant possessed the requisite intent to kill. Counsel argued that the evidence showed that "this young man had no intention of killing anyone, period." "If you believe that [defendant] . . . participated and he is part of the arson," counsel continued, "you have to say did he intend to kill anybody? . . . The answer is no." Defense counsel cited evidence that defendant had only a 9th grade education to support this argument.
>
> The prosecutor's rebuttal comments responded to this argument. The prosecutor first referred the jurors to newspaper articles they may have seen about juveniles who had committed crimes and were charged as adults. "People are pretty sophisticated," the prosecutor inferred, "even if they have a 9th grade education." The point of the prosecutor's response was that contrary to defendant's assertion, even a juvenile with an abbreviated education can have the sophistication necessary to form the requisite intent to commit a crime. This response to defense counsel's lack-of-education argument was not so much an appeal to the jury's civil duty as an appeal to their common sense. The trial court obviated any prejudice this comment caused by its instructions that the jury should decide the case on the evidence and the lawyers' statements and arguments were not evidence. Moreover, because defendant failed to move immediately for a curative instruction that would have erased any prejudice in this case, the defendant's arguments for reversal on this ground fails.

Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d

1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989). The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner alleges that there existed insufficient evidence to convict him. A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that petitioner committed the crime. In reviewing Petitioner's claim, the Michigan Court of Appeals found:

> The elements of assault with intent to do great bodily harm are "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v. Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). The specific intent necessary to convict for assault may be inferred from a defendant's words or conduct. *People v. Jackson*, 25 Mich App 596, 598; 181 NW2d 794 (1970).
>
> Expert testimony was presented that someone deliberately set the fire by throwing a firebomb through a first floor window. On the day of the fire, defendant told his ex-girlfriend's sister that because of the breakup, "everybody going to pay, y'all going to fry." Indeed, in his own statement to the police, defendant admitted telling his ex-girlfriend "that it wouldn't be funny if her mother's house got burnt up." Defendant further admitted that he "suggested" that his ex-girlfriend's home should be firebombed, drove the firebomber to the location, waited while he threw the firebomb into the home, and then drove him away from the crime scene.

> Viewing this evidence in a light most favorable to the prosecution, a reasonable jury clearly could have found beyond a reasonable doubt that defendant intended the assaults. The fact that defendant only assisted and did not actually throw the firebomb does not relieve defendant of full criminal responsibility, *Carines, supra*, at 757-758, and the firebombing of an occupied residence certainly constitutes "an attempt for threat with force or violence to do corporal harm to another." *Parcha, supra*, at 239. Contrary to defendant's arguments, defendant sufficient "touched" the victims to support the assault charges when the firebomber he assisted willfully set the smoke and flames in motion. *People v. Solack*, 146 Mich App 659, 666; 382 NW2d 495 (1985). Finally, the intent to harm defendant's ex-girlfriend alone is nevertheless transferred to all the other people in the home. *People v. Lovett*, 90 Mich App 169, 172; 283 NW2d 357 (1979). Therefore, the prosecutor presented sufficient evidence to sustain defendant's conviction on all the assault charges.

The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner cannot show that he was prejudiced by prosecutorial misconduct or that insufficient evidence was used to convict him of the crimes. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)©); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: April 24, 2007